J-S77009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALFONSO SMITH, | |
| Appellant | No. 1015 MDA 2017 |

Appeal from the Judgment of Sentence Entered May 2, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000570-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED FEBRUARY 12, 2018**

Appellant, Alfonso Smith, appeals from the judgment of sentence of 2 to 5 years' incarceration, with credit for 283 days of time served, imposed after his probationary sentence was revoked based on technical violations. After review, we affirm.

The trial court summarized the procedural history of Appellant's underlying case, which we need not reproduce herein. **See** Trial Court Opinion (TCO), 8/10/17, at 1-3.  On appeal, Appellant argues that the trial court imposed an excessive term of incarceration following the revocation of his probation due to his technical violations of failing to report to his probation officer.  Specifically, Appellant avers that the court failed to

---

[*] Former Justice specially assigned to the Superior Court.

properly weigh his mental illness and rehabilitative needs, as well as the gravity of the offense, and the protection of the public.

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the Pa.R.A.P. 1925(a) opinion of the Honorable Peter W. Schmehl of the Court of Common Pleas of Berks County. We conclude that Judge Schmehl's well-reasoned opinion adequately demonstrates that the court weighed the requisite sentencing factors, including Appellant's mental illness and rehabilitative needs, and reasonably concluded that a standard range sentence of incarceration was appropriate to vindicate the court's authority. Thus, we adopt Judge Schmehl's opinion as our own, and affirm Appellant's judgment of sentence on the grounds set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2018

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
                                          :   OF BERKS COUNTY, PENNSYLVANIA
                                          :   CRIMINAL DIVISION
                    v.                       : 
                                          :   No. CP-06-CR-570-2013
                                          : 
ALFONSO SMITH,                        : 
                    Appellant           : 

Justin Bodor, Assistant District Attorney, for the Commonwealth
Rachel Silver, Assistant Public Defender, for the Defendant/Appellant

**OPINION, Schmehl, S.J.**                                **Dated: August 9 , 2017**

      Alfonso Smith (hereinafter "Appellant"), appeals the May 2, 2017 sentence order committing him to a state correctional facility as the result of his violating his probation.

## I.    FACTUAL and PROCEDURAL HISTORY

      By Information filed February 28, 2013, Appellant was charged with Possession of a Controlled Substance (Heroin), Possession with Intent to Deliver a Controlled Substance (Heroin) and Delivery of a Controlled Substance (Heroin). The Commonwealth had already filed on February 22, 2013 its Notice of Intention to Proceed with Mandatory Minimum Sentencing under 18 Pa.C.S.A. § 6317 (drug-free school zones), which required a minimum of two years of incarceration. Appellant applied for participation in Treatment Court and the Intermediate Punishment Program. Over the Commonwealth's objection, Appellant was admitted to the Intermediate Punishment Program. On November 19, 2015, Appellant pleaded guilty to Count 3, Delivery of a Controlled Substance and was sentenced by the undersigned to five years of Intermediate Punishment with credit of 51 days for time served and 181 days credit for time spent in treatment/halfway house.

1

On November 9, 2016, an Application and Order for Bench Warrant was filed on the grounds that Appellant failed to comply with probation requirements as ordered. Appellant was detained on December 19, 2016. A Gagnon I hearing was held on January 19, 2017 to address the violations of Failure to Report as Directed, Failure to Pay Fines and Costs, and Failure to Comply with Chemical Testing. Although Appellant was found to be in violation of all three rules, only the Failure to Report charge was scheduled for hearing before the undersigned judge.

On May 2, 2017, an informal hearing was held. Appellant admitted the violation but tried to explain that he failed to report because he was in treatment. The Probation Officer noted that Appellant was supposed to be taking drug screens and reporting on a regular basis; instead, Appellant engaged in a pattern of complying, relapsing, having problems, disappearing, and entering treatment to avoid incarceration. The Probation Officer further believed that the State could better provide for Appellant's treatment and supervision needs. Based upon the Probation Officer's testimony, the Appellant's prior record score of five, and the offense gravity score of six (standard range 21 to 27, plus or minus 12 months), the Court sentenced Appellant to two to five years incarceration in a state correctional facility with 283 days credit.

Appellant filed a *pro se* Motion to Modify Sentence on May 12, 2017. With leave of court, Appellant's counsel filed a Post-Sentence Motion *nunc pro tunc* on May 19, 2017. On May 24, 2017, the Court directed the Commonwealth to file an answer to the Motion. To ensure the tolling of the appeal period, the Court also granted reconsideration on May 30, 2017. Upon consideration of the Post-Sentence Motion and the Commonwealth's June 1, 2017 Answer, the Court denied the Motion on June 6, 2017.

Appellant, through counsel, filed a Notice of Appeal on June 23, 2017. On June 28, 2017, the Court ordered Appellant to file a Concise Statement of Errors Complained of on

2

Appeal with 21 days. After a court-approved extension, Appellant timely filed his Concise Statement complaining that the Court abused its discretion in sentencing under the circumstances of the case. Appellant complains that the sentence is excessive in light of the technical nature of the violation, the sentencing limitations of 42 Pa.C.S.A. § 9771(c), and the Court's ability to commit individuals for treatment in lieu of incarceration. He also complains the sentence is contrary to general principles of protection of the public, gravity of the offense as it relates to the impact on the life of the victim and community, Appellant's rehabilitative needs. He argues that he on his own initiative sought treatment, that he is on new, stabilizing medications, and that Adult Probation's inability to provide appropriate care and supervision of Appellant should not be a reason to submit him to incarceration.

## II.    DISCUSSION

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. In fashioning a sentence, a judge is obligated to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. A court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005) (internal quotation marks and citations omitted).

When it comes to revoking an order of probation, 42 Pa.C.S.A. § 9771 provides:

(a) General rule.--The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
(b) Revocation.--The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives

3

available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

(c) Limitation on sentence of total confinement.--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

(d) Hearing required.--There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation....

This action started with the Commonwealth seeking a mandatory minimum two-year term of incarceration based upon the allegation that Appellant was dealing heroin, a highly addictive and destructive controlled substance, within a school zone. Aside from the mandatory minimum, sentencing guidelines put the standard range sentence at 21 to 27 months. Appellant applied himself and convinced this Court that he be granted Intermediate Punishment. Appellant apparently did well for a while, but ultimately he engaged in a pattern of compliance, relapse, failure to report to probation, and avoidance behavior.

Appellant indicated that he has been doing well since he completed his last bout of treatment and his medications were adjusted. Coincidentally, he was in jail for almost five months prior to making these statements. Without being incarcerated for those five months he could very well have continued to engage in the same cycle of compliance and non-compliance. Although there was no evidence that he was again using heroin, there was also no evidence that he was not because, though not part of the case brought before the Court, Appellant was apparently failing to do drug screens.

Upon considering the nature of the underlying offense and Appellant's apparent inability to follow the rules of supervision, and to protect him from himself, to protect the community, and to provide for his rehabilitative needs at a level that the local probation office could not, the

4

Court agreed with the Commonwealth and the Probation Officer that a state sentence consistent with the standard range under the sentencing guidelines was appropriate for Appellant. To have done otherwise would have undermined the authority of the Court and the probation office and enabled Appellant to maintain a vicious cycle that if it did not already would have very likely led to his relapsing (a crime in itself – possession) and perhaps worse.

As for Appellant's arguing that the Court should have committed Appellant to treatment rather than incarceration pursuant to 50 P.S. § 4410, the Court notes that no one even hinted that Appellant was "so **mentally disabled** that it is advisable for his welfare or the protection of the community that he be committed to a [treatment] facility," 50 P.S. § 4410(c) (emphasis added), nor did the Court perceive such a disability so as to warrant evaluation.

### III.  CONCLUSION

The sentence imposed upon Appellant is appropriate and not excessive.

For the foregoing reasons, it is respectfully suggested that the May 2, 2017 Sentence Order should be affirmed.

BY THE COURT:

_____
Peter W. Schmehl, Senior Judge

Distribution: Clerk of Court; CIM; District Attorney; Public Defender; Appellant